UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER FOGLIA,

    Plaintiff,

v.                              Case No: 2:17-cv-97-FtM-99MRM

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #33), filed July 24, 2018, recommending that defendant's Motion for Summary Judgment (Doc. #25) be granted, and plaintiff's Motion for Summary Judgment (Doc. #26) be denied.[1] Plaintiff filed Objections (Doc. #34) on August 6, 2018, and defendant filed a Response in Opposition (Doc. #35) on August 14, 2018.

**I.**

Defendant Reliance Standard Life Insurance Company (Reliance) issued a group long-term disability (LTD) policy to Realogy Group, LLC (Realogy), and plaintiff is a participant under the policy as an employee of Realogy. The LTD policy is governed by the Employee

---

[1] Both motions were construed as motions for judgment on the record based on a later filed motion correcting the titles. (Doc. #33, p. 1, n.1.)

Retirement Income Security Act (ERISA), and administered by Matrix Absence Management (Matrix). Plaintiff stopped working as of August 9, 2013, and became eligible for monthly payments as of February 9, 2014. (AR0232.)[2] Plaintiff last worked as the Vice President of Realogy until acute liver failure and pancreatitis secondary to his condition of HIV, and plaintiff was considered unable to work as of August 13, 2013 due to symptoms of spontaneous bleeding from his mouth and nose, difficulty clotting, uncontrollable bowel release, abdominal pain radiating to his back, vomiting, swollen legs and feet, night sweats, disorientation, and exhaustion. (AR1878.) The payments covered the first 24 month benefit period requiring plaintiff to be disabled from his "regular occupation." (AR0256.) After that period, plaintiff is required to show disability from "any occupation." (AR0257.)

By letter dated March 31, 2016, Matrix notified plaintiff that he no longer satisfied the definition of total disability, and plaintiff's claim of disability was denied. (AR0298, AR0301.) In October 2016, Reliance acknowledged counsel's letter requesting review of the adverse benefit determination. (AR0305.) Upon review, Matrix notified plaintiff that he would be required to

---

[2] The Court will reference documents in the administrative record as "AR" followed by the number in the bottom right corner of each page. (Doc. #18.)

undergo a Neuropsychological Evaluation, and review of the medical evidence by an independent physician through an external vendor. Additional updates followed. (AR0307, AR0309, AR0311, AR0313.)

On February 2, 2017, after an independent review, the original decision to terminate LTD benefits was found appropriate because plaintiff failed to satisfy the policy's definition of Total Disability from Any Occupation with regard to his physical conditions. (AR0313, AR0314.) Dr. Jeffrey B. Danzig, M.D., a board certified Internal Medicine physician and Dr. Alejandro J. Arias, Psy.D., a board certified in Neuropsychology conducted the independent evaluations. (AR0315.) Plaintiff's Fully Favorable award by the Social Security Administration[3] was acknowledged, but "the receipt of Social Security benefits does not guarantee the issuance of LTD benefits, or vice versa." (AR0324-AR0325.) Reliance notified plaintiff that the original decision to terminate LTD benefits by the Claims Department was appropriate. (AR1876.)

## II.

Plaintiff argues that defendant violated ERISA's no-deference review regulation, failed to give reasonable weight to plaintiff's evidence, and failed to provide its vocational personnel with all relevant evidence. The standard of review was accurately set

---

[3] The Notice of Decision was issued on January 4, 2017. (AR1850.)

forth by the Magistrate Judge, and the parties do not object to the applicable steps[4]. (Doc. #33, p. 13.) The parties also do not object to the content of the medical records, or the diagnoses.

The Magistrate Judge found that Reliance "clearly states in its letter" that it agrees with the independent assessments by Dr. Danzig and Dr. Arias concerning plaintiff's restrictions and limitations. The Magistrate Judge found that the reference to medical staff by Reliance "is clearly tethered to Reliance's review and consideration of the independent assessments." The Magistrate Judge concluded that Reliance did not improperly afford deference to the initial adverse benefit determination. (Id., p. 17.)

The Magistrate Judge considered the medical record in light of plaintiff's argument that Reliance discredited plaintiff's treating physician and its own experts in reaching its decision as to plaintiff's ability to work. Plaintiff's treating physician Dr. Duffy diagnosed plaintiff with HIV, Hepatitis C in remission, end-stage liver disease, secondary syphilis, dumping syndrome, encephalopathy with short-term memory loss, thrombocytopenia secondary to end-state liver disease, peripheral vascular disease, renal insufficiency, endocrinopathy with hypertestosteronism, GI bleed and sinusoid bleed, and severe lethargy. (Id., p. 18.)

---

[4] Plaintiff objects to the Magistrate Judge's decision that Reliance was not *de novo* wrong, but not the applicable law. (Doc. #34, p. 12.)

Another treating physician, Dr. Myers, found plaintiff's liver disease was complicated by hepatic encephalopathy, which causes confusion and fatigue. As a result, Dr. Myers advised plaintiff to stop driving. Dr. Myers found plaintiff's cirrhosis impaired his ability to work because it causes confusion and difficulty performing tasks requiring mental concentration. Dr. Myers also found plaintiff was subject to bleeding episodes. (Id., pp. 18-19.) The Magistrate Judge noted that Reliance relied heavily on Dr. Danzig's opinion who in turn reviewed the treating physicians' records, and the entire medical claim file. The Magistrate Judge found that Reliance weighed the evidence and found Dr. Danzig's opinions more persuasive, and there is no requirement to accord special weight to the opinions of the treating physicians. The Magistrate Judge found that Reliance was not *de novo* wrong in determining that plaintiff can perform sedentary work. (Id., pp. 19-20.)

As to non-exertional limitations, the Magistrate Judge noted that Dr. Duffy found plaintiff unable to work due to encephalopathy with short-term memory loss and severe lethargy. Dr. Myers found plaintiff's liver disease caused fatigue and his hepatic encephalopathy caused confusion and difficulty concentrating. Dr. Danzig found that plaintiff's cirrhosis of the liver was a reasonable cause of fatigue and hepatic encephalopathy has been clinically shown to present with fatigue and cognitive issues.

Dr. Danzig recommended the fatigue could be compensated by limiting lifting, carrying, standing, and walking.

Dr. Arias assessed plaintiff's emotional and cognitive functioning finding plaintiff performed within an average range with no significant impairment. Dr. Arias completed a check box form indicating areas where plaintiff was not limited, and thus found no cognitive limitations. The Magistrate Judge found that Reliance relied on Dr. Arias's conclusions, not the testing scores in making its determination. The Magistrate Judge found Reliance was not *de novo* wrong in determining that plaintiff could perform the sedentary occupations listed by Reliance.

The Magistrate Judge found that Reliance gave proper weight to the Fully Favorable decision of the Social Security Administration. The Magistrate Judge also found the Administrative Law Judge's decision was not dispositive of whether plaintiff satisfied the terms of the policy for no occupation. The Magistrate Judge found that social security cases apply a different standard, and rely on vocational experts that have no relevance in an ERISA case. The Magistrate Judge found Reliance was not *de novo* wrong in its consideration of the Social Security decision.

The Magistrate Judge noted that it is uncontested that Ms. Vroman, who conducted the REA, did so without the benefit of the opinions of Dr. Danzig and Dr. Arias. Ms. Vroman opined that

plaintiff could perform the jobs of Vice President and Contract Administrator at the sedentary level, and the jobs of contract specialist, manager, vehicle leasing and rental, and sales representative, franchise at the light level. Plaintiff hired his own Vocational Consultant, Linda Hayes, who also conducted an analysis without the benefit of the opinions of Dr. Danzig and Dr. Arias. Ms. Hayes found that plaintiff's prior work required a high level of cognitive functioning and fell within the sedentary exertional level. Ms. Hayes found that plaintiff's issues with cognitive deficits, and memory and concentration issues would limit plaintiff from performing the jobs listed in the REA. The Magistrate Judge found that Reliance was entitled to consider but not rely on plaintiff's vocational consultant because she did not have all the medical evidence, and Drs. Arias and Danzig's opinions did not support her conclusion that plaintiff could not perform sedentary work. The Magistrate Judge found Reliance was not *de novo* wrong.

The Magistrate Judge concluded that Reliance was not *de novo* wrong, but further proceeded to the second and third steps to determine if the decision was arbitrary and capricious. The parties agreed that the plan administrator had discretion in reviewing plaintiff's claims, so the Magistrate Judge moved onto the issue of whether the decision was supported by reasonable grounds. The Magistrate Judge found that it was not unreasonable,

arbitrary, or capricious to give more weight to independent medical providers.

Plaintiff argued a conflict of interest because of the high value of the LTD benefits per month, but the Magistrate Judge noted that a large amount of money alone is not enough. The Magistrate Judge found no bias by Reliance in its consideration of the Social Security decision, or the vocational information. The Magistrate Judge concluded that the decision by Reliance was reasonable, and it was not arbitrary and capricious.

## III.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See

Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**IV.**

**A. Deference and the REA**

The Court agrees with the Magistrate Judge on the issue of whether Reliance improperly afforded deference to the initial adverse benefit determination. The paragraph at issue does not give explicit deference, but simply points out that independent assessment is consistent with the past findings of medical staff:

> In conclusion, we agree with Dr. Jeffrey Danzig and Dr. Alejandro Arias' independent assessment of your client's restrictions and limitations, as their opinion reflects the available medical information on file as well as the prior opinion of our Medical Staff who also opined your client was capable of performing a minimum of sedentary work.

(AR1887.) Plaintiff also objects that an updated Residual Employability Analysis (REA) was not conducted, and therefore Reliance deferred to the initial adverse determination that relied on same. Reliance responds that the regulation[5] provides that appeal decision cannot give deference to the initial decision, but

---

[5] On appeal of an adverse benefit determination, a plan is not deemed to provide a "reasonable opportunity for a full and fair review" unless the procedures "[p]rovide for a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual." 29 C.F.R. § 2560.503-1(h)(3)(ii).

Reliance medical staff did not make the initial decision or author the initial decision. Rather, the medical staff provided medical opinions. Reliance further responds that a new REA was not required because it already identified sedentary occupations, and Reliance again concluded that plaintiff could perform full-time sedentary work. Plaintiff has not identified a legal basis for requiring a new REA. The objection is overruled.

**B. Dr. Arias**

Plaintiff objects that a conclusion of no impairment in cognitive functioning is contradicted by Dr. Arias's own evidence, and Dr. Arias made a material misstatement as to plaintiff's processing speed. Plaintiff argues that the Report and Recommendation disregarded "fundamental inconsistencies underlying Dr. Arias' opinion" because conclusions "based on unreliable data are unreliable conclusions." (Doc. #34, p. 6.)

The Neuropsychological Evaluation (AR1864) includes subjective background information provided by plaintiff, and a list of all the medical records reviewed. (AR1864-AR1869.) Included in the record is a psychiatric evaluation performed on September 18, 2014, by Dr. Clark, with a diagnostic impression of "Cognitive disorder, not otherwise specified, Major depression, single episode with psychotic features. Axis II: Deferred. Axis III: See physical exam. Axis IV: Psychosocial environmental problems, unemployment and financial. Axis V Current GAF: 50.

Highest GAF in the past year: Unknown." (AR1867.) Also included is a complete adult psychological evaluation conducted on November 12, 2014, by Dr. Vandenberg who administered the Wechsler Adult Intelligence Scale and Memory Scale – Fourth Edition. Dr. Vandenberg's diagnoses were mood disorder not otherwise specified, cognitive disorder not otherwise specified, alcohol abuse in full remission. (AR1867-AR1868.) Another adult psychological evaluation was performed on June 10, 2015, by Dr. Chang. (AR1868.) The diagnoses were "Rule out Mild Neurocognitive disorder due to multiple etiologies, Other Specified Depressive disorder, and Generalized anxiety disorder, HIV positive, hepatitis, cirrhosis, pancreatitis, bradycardia, mitral regurgitation, mitral valve prolapse, cardiac arrhythmia." Dr. Arias also reviewed social work progress notes dated July 20, 2016, indicating he was cognitively intact, judgment was appropriate to content, and plaintiff verbalized understanding. (AR1869.)

Dr. Arias found plaintiff was cooperative and motivated throughout the evaluation, and displayed good eye contact. Dr. Arias found plaintiff's speech and language skills were substantive and grammatical, his mood was euthymic, and his affect was appropriate to circumstances. Plaintiff denied all visual, tactile, olfactory, and auditory hallucinations, and he was oriented to time, person, and place. (AR1869.)

Dr. Arias found plaintiff fell in the average range for verbal comprehension, perceptual reasoning, Full Scale IQ, and working memory, but in the low average range for processing speed. Dr. Arias found plaintiff's immediate auditory attention, new verbal learning, and immediate and delayed incidental nonverbal recall were average. Plaintiff was also evaluated for attempts at simulation and malingering and performed well. Plaintiff's conceptual reasoning and nonverbal abstract reasoning were both low average. (AR1870.) Plaintiff's verbal fluency, expressive vocabulary, fund of information, and mental arithmetic were all scored as average. Dr. Arias found no significant depression or anxiety. (AR1871.)

Dr. Arias concluded that plaintiff had improvement in the intellectual capacity as conducted in 2014, and as of February 9, 2016, plaintiff's neurocognitive complaints had not been substantiated with objective and verifiable test data. Dr. Arias found that plaintiff did not meet any DSM 5 diagnostic criteria, and there was no objective or variable test data to indicate that plaintiff could not perform full-time work without restrictions or limitations. (AR1872-AR1873.) Dr. Arias also checked off "not limited" for each of the functions on a form. (AR1874.)

The Court finds no contradiction in the testing and conclusions of Dr. Arias. Although the processing speed was found to be low average, all other relevant test results reflected

average results. Therefore, concluding that plaintiff was not limited is supported by the test results even if the processing speed was stated incorrectly in the summary section. The objection is overruled.

**C. Residual Employability Analysis**

Plaintiff objects that the REA relies on three occupations with the higher "light exertional level" classification, and plaintiff can only perform the less demanding "sedentary duty" classification. Plaintiff objects that the REA was performed prior to the medical expert opinions issuing, and without being updated after the independent evaluations.

The REA listed occupational alternatives based on plaintiff's transferable skills to include two jobs at the sedentary exertion level (Vice President and Contract Administrator) and three jobs at the light exertion level (Contract Specialist, Manager, Vehicle Leasing and Rental, and Sales Representative, Franchise). (AR1550.) Also included is a "Match List" generated by the OASYS Job Match System listing the various occupations in the light and sedentary positions. (AR 1554.) On review of the REA as well as the independent opinions of Dr. Danzig and Dr. Arias, Reliance concluded that plaintiff could only perform at a sedentary level on a full-time consistent basis. (AR0323.) The Court agrees with the Magistrate Judge that it was the independent assessment of Dr. Danzig and Dr. Arias that led Reliance to conclude that plaintiff

could perform at the sedentary level regardless of the REA containing options for light work. The objection is overruled.

**D. Social Security Decision & Dr. Danzig**

Plaintiff objects that Reliance failed to give due consideration to the Decision of the Social Security Administration that plaintiff is totally disabled. Plaintiff argues that Reliance relied on Dr. Danzig's opinion even though Dr. Danzig deferred on issues of neuropsychiatric impairment as beyond his specialty.

Reliance acknowledged the Full Favorable award, but noted that the ALJ found plaintiff was capable of sedentary work. (AR0324-AR0325.) Reliance noted that it reached the same conclusion as to the exertional level[6], but also noted that the Social Security decision was not binding on Reliance and the "receipt of Social Security benefits does not guarantee the issuance of LTD benefits, or vice versa." (AR0325.) Plaintiff acknowledges that the Social Security decision is not binding on a LTD case, and Reliance was entitled to find Dr. Danzig and Dr. Arias more persuasive. The objection is overruled.

Dr. Danzig stated "[W]hether or not his cognitive issues are related to hepatic encephalopathy or to anxiety/depression is

---

[6] The ALJ found that plaintiff had the residual functional capacity to perform sedentary work, but that he was unable to perform his past relevant work. (AR1856, AR1860.)

- 14 -

unclear and difficult to sort out. What if any restrictions [plaintiff] should have from a neuropsychiatric point of view is out of my area of expertise." (AR1812.) There is no reason to discount the Peer Review Report as to plaintiff's physical condition based on the deference as to any neuropsychiatric conditions that were covered by Dr. Arias. The objection is overruled.

**E. Conflict of Interest**

Plaintiff argues that Reliance's decision was arbitrary and capricious as a matter of law because the sedentary occupations both require above average general learning and verbal ability and Dr. Arias found plaintiff was only average. Plaintiff argues that Reliance ignored favorable evidence from his own treating physicians, and unreasonably relied on consultants. Plaintiff argues that Reliance's decision was unreasonable in light of its conflict of interest. Plaintiff argues that Reliance disregarded its own evidence, failed to give reasonable weight to plaintiff's evidence and the Social Security Decision, and failed to provide its vocational specialist with all relevant medical evidence.

The Magistrate Judge found that Reliance relied on Dr. Arias's conclusion that there was no data supporting work restrictions, rather than the testing scores themselves. (Doc. #33, p. 22.) Finding no limitations, Reliance weighed the evidence and

concluded that plaintiff could work at a sedentary level. The objection is overruled.

Despite plaintiff's argument that a conflict of interest exists, there is nothing in the record to support such a finding. Even plaintiff recognizes that Reliance was not required to give greater weight to a treating physician, or controlling significance to the Social Security Decision. (Doc. #34, pp. 8, 13.) Reliance found that plaintiff's Hepatitis C had been successfully treated with medication and is stable with no reported medication side effects. Reliance found that plaintiff's diagnosis of HIV is stable on medication with a current undetectable viral load. Reliance noted that psychological and cardiac evaluations conducted in July 2016 were normal, and the physical examinations conducted in 2016 were normal. Reliance also considered plaintiff's left wrist pain and left shoulder pain in concluding that the "medical records lack evidence to support that his ongoing complaints warrant a physical or psychiatric Total Disability from Any Occupation beyond February 9, 2016." (AR0319.) Reliance rejected the conclusion of plaintiff's vocational specialist as unsupported by the medical records and independent physician reviews. (AR0324.) Reliance considered the "totality of the information" in the claim file in determining that plaintiff was no longer eligible to receive further benefits.

Much of the remaining objections are comprised of legally unsupported disagreement with the Magistrate Judge. After a careful and complete review of the findings and recommendations, as well as the record in this case, the Court accepts the Report and Recommendation of the Magistrate Judge, and overrules the objections as set forth above.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections (Doc. #34) are **overruled**.
2. The Report and Recommendation (Doc. #33) is hereby **adopted** and the findings incorporated herein.
3. Defendant's Motion for Summary Judgment (Doc. #25) is **granted.**
4. Plaintiff's Motion for Summary Judgment (Doc. #26) is **denied**.
5. The Clerk shall enter judgment in favor of defendant and against plaintiff, terminate all deadlines and motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of September, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record